863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Julia GRIFFITH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-6171.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1988.
 
 Before BOYCE F. MARTIN, RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mary Julia Griffith appeals from a judgment of the district court affirming an order of the Secretary of Health & Human Services, which denied her social security disability benefits upon the ground that her insured status expired on June 30, 1975. The Secretary's calculations were based upon earning records which ended when she quit work with Wade Furniture Company in 1970. However, Mrs. Griffith claims that her insured status has been extended by reason of partnership farm income from the sale of swine, which she has reported on federal income tax returns for the tax years 1979 through 1982.
 
 
 2
 After her marriage in 1975 to Jack Griffith, he placed his farm in both of their names, told her that "what's mine is yours and what's yours is mine," and asked her to work with him on the farm rather than returning to factory work. She testified that, thereafter, she worked on the farm--disking, driving a truck, feeding hogs, and generally doing "whatever needed to be done."
 
 
 3
 After their marriage, her husband's accountant filed joint tax returns for them, without allocating any of the income to Mrs. Griffith or computing FICA taxes for her. However, when Mrs. Griffith suffered heart problems in 1981, the accountant advised both "to make sure they got their social security credits straight." Accordingly, he filed a return for the tax year 1981, and amended returns for the tax years 1979 and 1980, all of which reported partnership farm income. He filed a similar return for the tax year 1982. Part of the income from the sale of swine was reported as Mr. Griffith's income and the remainder as Mrs. Griffith's income. However, neither the returns nor the evidence before the A.L.J. provided any basis for the allocation. Mrs. Griffith stated only that she had a few hogs of her own and also kept a couple of sows, although she indicated that together they kept seventy or eighty hogs and, in good years, one hundred.
 
 
 4
 For purposes of determining the FICA tax, the terms "partnership" and "partner" have the same meanings as they have under the Internal Revenue Code. 42 U.S.C. Sec. 411(d) (West Supp.1988). Tennessee has adopted the Uniform Partnership Act, Tenn.Code Ann. Secs. 61-1-101 to -142 (1980), and the Sixth Circuit has stated that "the over-all criteria of the existence of a partnership are the same under the revenue laws as under common law." Cobb v. Commissioner, 185 F.2d 255, 258 (6th Cir.1950) (interpreting Commissioner v. Culbertson, 337 U.S. 733 (1949)). However, for federal purposes, "[t]he bona fides of a family partnership ... is subject to close scrutiny and is a question of fact to be determined under the particular circumstances of each case." Ballou v. United States, 370 F.2d 659, 662 (6th Cir.1966), cert. denied, 388 U.S. 911 (1967).
 
 
 5
 Mrs. Griffith, as a donee of an intra-family capital gift, could become a partner through investment of that capital in a family partnership. 26 U.S.C. Sec. 704(e)(1)-(3) (1982); Culbertson, 337 U.S. at 745; Ballou, 370 F.2d at 661-63. However, where a person, after the onset of a disability, seeks retroactively to prove a partnership for the purpose of claiming social security disability benefits, we believe that person shoulders a heavy burden--not only to prove a bona fide partnership interest, but also to prove a clear basis for establishing his or her duty to pay FICA taxes and the specific amount thereof. 42 U.S.C. Sec. 411(a) (West Supp.1988). After careful examination of the scanty evidence in the record, we conclude that Mrs. Griffith has not carried the burden of proving a business relationship or any amount of farm income subject to FICA taxes attributable to her. Her proof shows no more than a normal spousal relationship, probably typical of every happily married farm couple in this nation.
 
 
 6
 Accordingly, we hold that the Secretary's decision was supported by substantial evidence and the judgment of the district court is therefore affirmed.